IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| A/S Dan Bunkering Ltd., | * | |
| Plaintiff, | * | Civil Action No. |
| v. | * | |
| Medmar Inc., | | IN ADMIRALTY |
| | * | |
| Defendant, | | |
| and | * | |
| | | |
| Archer Daniels Midland Company | * | |
| Louis Dreyfus Claypool Holdings LLC | | |
| Bunge North America, Inc. | * | |
| Gavilon Fertilizer, LLC | | |
| Gavilon Ingredients, LLC | * | |
| Itochu International Inc. | | |
| Mitsui & Co. (U.S.A.), Inc. | * | |
| Mitsui Foods, Inc. | | |
| The Andersons, Inc. | * | |
| Marubeni America Corporation | | |
| Transcor America, LLC | * | |
| XCoal Energy & Resources LLC | | |
| XCoal Energy & Resources, | * | |
| Limited Partnership | | |
| | * | |
| Garnishees. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF**
**PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

A/S Dan Bunkering Ltd. ("Dan Bunkering") brings this action against Medmar Inc.

("Medmar") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime

Claims, requesting the issue of writs of maritime attachment and garnishment including against

Garnishees named within, stating as follows:

## Jurisdiction and Venue

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2. Venue is proper in this District because the Garnishees are located, can be found, and can be served with process in this District.

3. Venue is also proper in this District because Defendant's property is or soon will be in this District.

4. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

5. Dan Bunkering is a corporation, duly organized under the laws of Denmark. Dan Bunkering provides marine fuel ("bunkers") to ocean-going vessels on the order of those vessels' charters, managers and/or owners.

6. Medmar is a Greek corporation with its headquarters in Piraeus, Greece. Medmar's business was, until it announced its cessation, the chartering of ocean-going vessels and as a part of that chartering, the contracting for those vessels the provision of bunkers, including purchasing bunkers from and through Dan Bunkering.

7. Garnishees are each entities with offices or agents located in this District which, on information and belief, Dan Bunkering reasonably believes holds accounts which are the property of and/or owing to Medmar.

## Facts

8. Medmar from July-September 2019 ordered bunkers from Dan Bunkering for vessels which Medmar chartered. Dan Bunkering provided the bunkers to the vessels and issued invoices to Medmar for those bunkers provided to the vessels, as follows:

| **Invoice No.** | **Vessel** | **Amount** |
|---|---|---|
| 271961 | TUO FU 8 30-07-19 | $ 265,000.00 |
| 271930 | ADAM I 10-08-19 | $ 330,876.08 |
| 272676 | MARINER 16-09-19 | $ 316,718.00 |
| 272038 | ADAM I 26-08-19 | $ 367,959.86 |
| | **Total:** | **$ 1,280,553.94** |

9. At the end of September, 2019, Medmar announced that it was ceasing to do business. According to its sales terms and conditions, Dan Bunkering accelerated all amounts due from Medmar, so all immediately are due.

10. Medmar despite demand has not paid Dan Bunkering for the bunkers which Dan Bunkering provided to the Medmar-chartered vessels, and has breached its contract with Dan Bunkering.

11. Dan Bunkering's terms of sale to Medmar include the following:

> 5.9 If the Seller incurs any costs in relation to attempts to collect any overdue sums the Buyer shall indemnify the Seller for those costs and shall pay the same upon first demand. Such costs include but not limited to attestation and translation costs, fees of third party debt collection agencies, lawyer's fees and communication/postal costs.

### Count I – Breach of Maritime Contract

11. Dan Bunkering incorporates the above paragraphs as if fully set forth herein.

12. Medmar breached its maritime contract with Dan Bunkering as set out above. Despite repeated demand, Dan Bunkering remains unpaid.

13. Dan Bunkering therefore demands judgment, as set out more fully below.

### Count II - Maritime Attachment and Garnishment (Rule B)

14. Dan Bunkering incorporates the above paragraphs as if specifically set forth herein.

15. Dan Bunkering seeks issue of process of maritime attachment so that it may be

secured for payment and then paid the amounts due from Medmar, from the garnished amounts.

16. No security for Dan Bunkering's claims has been posted by Medmar or anyone acting on its behalf to date.

17. Medmar cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District, including but not limited to those named within.

### **Prayer for Relief**

WHEREFORE, Dan Bunkering prays:

A. That in response to Count I, judgment be entered against Medmar and in favor of Dan Bunkering Intermodal Chassis Leasing, Inc., in the amount of at least **USD 1,280,553.94**;

B. That in response to Count II, since Defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Medmar's tangible or intangible property or any other funds held by any garnishee, up to the amount of at least the amount demanded herein to secure Dan Bunkering's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

C. That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

D. That this Court award Dan Bunkering such other and further relief that this Court

deems just and proper.

Dated:  October 3, 2019.

>/s/ J. Stephen Simms
>J. Stephen Simms (#4269)
>Simms Showers LLP
>201 International Circle, Suite 250
>Baltimore, Maryland 21030
>Telephone:     410-783-5795
>Facsimile:     410-510-1789
>jssimms@simmsshowers.com
>
>Attorneys for A/S Dan Bunkering Ltd.

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf.  I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in the District of Maryland, and of the Maryland State Department of Assessments and Taxation.  There is no record of any general or resident agent authorized to accept service of process for Medmar in this District.

>Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.
>
>Executed on October 3, 2019.
>
>/s/ J. Stephen Simms
>J. Stephen Simms