IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| A/S Dan Bunkering Ltd., | * | |
| Plaintiff, | * | Civil Action No. 1:19-cv-02909-RDB |
| v. | * | |
| Medmar Inc., | * | IN ADMIRALTY |
| Defendant, | * | |
| and | * | |
| Archer Daniels Midland Company, *et al*., | * | |
| Garnishees. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| Cockett Marine Oil DMCC, | * | |
| and | * | |
| Moran Towing Corporation | * | |
| Intervening Plaintiffs, | * | |
| v. | * | |
| Medmar Inc., | * | |
| Defendant, | * | |
| and | * | |
| Archer Daniels Midland Company, *et al*., | * | |
| Garnishees. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**VERIFIED INTERVENING COMPLAINT WITH REQUEST FOR ISSUE OF
PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

Cockett Marine Oil DMCC ("Cockett Marine") and Moran Towing Corporation

("Moran") intervene in this action against Medmar Inc. ("Medmar") *quasi in rem* pursuant to

Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of further writs of maritime attachment and garnishment including against Garnishees named within, stating as follows:

### Jurisdiction and Venue

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2. Venue is proper in this District because the Garnishees are located, can be found, and can be served with process in this District.

3. Venue is also proper in this District because Defendant's property is or soon will be in this District.

4. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

### The Parties

5. Cockett Marine is a corporation, duly organized under the laws of the Dubai Arab Denmark. Cockett Marine provides marine fuel ("bunkers") to ocean-going vessels on the order of those vessels' charters, managers and/or owners.

6. Moran is a New York corporation which provides tug services to ocean-going vessels on the order of those vessels' charters, managers and/or owners.

7. Medmar is a Greek corporation with its headquarters in Piraeus, Greece. Medmar's business was, until it announced its cessation, the chartering of ocean-going vessels and as a part of that chartering, the contracting for those vessels the provision of bunkers, including purchasing bunkers from and through Cockett Marine, and the contracting for those vessels the provision of tug services, including purchasing bunkers from and through Moran.

8. Garnishees are each entities with offices or agents located in this District which,

on information and belief, Cockett Marine and Moran reasonably believes holds accounts which are the property of and/or owing to Medmar.

## Facts

9. Medmar from July-August 2019 ordered bunkers from Cockett Marine for vessels which Medmar chartered. Cockett Marine provided the bunkers to the vessels and issued invoices to Medmar for those bunkers provided to the vessels, as follows:

| Invoice | Vessel | Date | Due Date | Amount | Days Late | Contractual Interest |
|---|---|---|---|---|---|---|
| S1903730 | W-SMASH | 7/6/2019 | 9/3/2019 | $119,875.00 | 31 | $2,477.00 |
| S1903769 | ZHENG YAO | 7/5/2019 | 9/3/2019 | $550,596.00 | 31 | $11,379.00 |
| S1903872 | OCEANA | 7/10/2019 | 9/6/2019 | $529,932.00 | 28 | $9,892.00 |
| S1903996 | APOLLON | 7/11/2019 | 9/9/2019 | $477,578.00 | 25 | $7,960.00 |
| S1904608 | TUOFU 8 | 8/13/2019 | 10/11/2019 | $94,793.00 | | |
| S1900020 | ST PINOT | 8/30/2019 | 10/28/2019 | $327,128.00 | | |
| S1904770 | JIA LONG SHAN | 8/29/2019 | 10/28/2019 | $273,100.00 | | |
| | | | | $2,373,002.00 | | $31,708.00 |

Per Diem Interest:   $275.72
**Total Due to Date:   $2,404,710.00**

10. Medmar from June-September 2019 ordered tug service from Moran for vessels which Medmar chartered. Moran provided the tug service to the vessels and issued invoices to Medmar for those tug services provided to the vessels, as follows:

| Invoice | Vessel | Invoice Date | Due Date | Amount | Days Late | Contractual Interest |
|---|---|---|---|---|---|---|
| 622830 | NIKOS N | 6/3/2019 | 7/3/2019 | $9,077.21 | 93 | $416.31 |
| 624476 | NIKOS N | 6/17/2019 | 7/17/2019 | $8,925.70 | 79 | $347.74 |
| 625953 | LACONIC | 7/1/2019 | 8/1/2019 | $9,702.00 | 64 | $306.21 |
| 633273 | LOWLANDS BREEZE | 9/12/2019 | 10/4/2019 | $7,593.60 | | |
| 633627 | LOWLANDS BREEZE | 9/13/2019 | 10/4/2019 | $5,062.40 | | |

3

                     $40,360.91    $1,070.25

                     Per Diem Interest:  $4.53

11. At the end of September, 2019, Medmar announced that it was ceasing to do business. According to its sales terms and conditions, Cockett Marine and Moran accelerated all amounts due from Medmar, so all immediately are due.

12. Medmar despite demand has not paid Cockett Marine or Moran for the bunkers or tug services which Cockett Marine and Moran provided to the Medmar-chartered vessels. Medmar has breached its contracts with Cockett Marine and Moran.

13. Cockett Marine's terms of sale to Medmar include the following:

> The full legal and other costs and expenses incurred by the Company including those of the Company's own legal and credit departments and of other lawyers in connection with any breach by the Buyer of any term of the Agreement including but not limited to actions for debt shall be for the Buyer's account and shall for all purposes form part of the Price due from the Buyer to the Company for Product supplied.

14. Moran's terms of sale to Medmar include the following:

> In the event that full payment is not made when due, MORAN shall be entitled to recover all costs of collection, including reasonable attorney's fees and court costs, and interest of 1½% per month on all outstanding balances.

## **Count I – Breach of Maritime Contracts**

15. Cockett Marine and Moran incorporate the above paragraphs as if fully set forth herein.

16. Medmar breached its maritime contracts with Cockett Marine and Moran as set out above. Despite repeated demand, Cockett Marine and Moran remain unpaid.

17. Cockett Marine therefore demands judgment, as set out more fully below.

## **Count II - Maritime Attachment and Garnishment (Rule B)**

18. Cockett Marine and Moran incorporate the above paragraphs as if specifically set

forth herein.

19.     Cockett Marine and Moran seek issue of process of maritime attachment so that it may be secured for payment and then paid the amounts due from Medmar, from the garnished amounts.

20.     No security for Cockett Marine's or Moran's claims has been posted by Medmar or anyone acting on its behalf to date.

21.     Medmar cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District, including but not limited to those named within.

### Prayer for Relief

WHEREFORE, Cockett Marine and Moran prays:

A.      That in response to Count I, judgment be entered against Medmar and in favor of Cockett Marine in the amount of at least **USD 2,404,710**, plus per diem contractual interest, attorneys' fees and costs;

B.      That in response to Count I, judgment be entered against Medmar and in favor of Moran in the amount of at least **USD 41,431.16**, plus per diem contractual interest, attorneys' fees and costs;

C.      That in response to Count II, since Defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Medmar's tangible or intangible property or any other funds held by any garnishee, up to the amount of at least the

amount demanded herein to secure Cockett Marine's and Moran's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

   C. That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

   D. That this Court award Cockett Marine and Moran such other and further relief that this Court deems just and proper.

Dated:  October 4, 2019.

          /s/ J. Stephen Simms
          J. Stephen Simms (#4269)
          Simms Showers LLP
          201 International Circle, Suite 250
          Baltimore, Maryland 21030
          Telephone: 410-783-5795
          Facsimile: 410-510-1789
          jssimms@simmsshowers.com

          Attorneys for Cockett Marine and Moran.

## **VERIFICATION**

   I am a Principal of the law firm Simms Showers LLP, counsel to Plaintiff.

   The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf.  I am authorized to make this verification on Plaintiff's behalf.

   I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in the District of Maryland, and of the Maryland State Department of Assessments and Taxation.  There is no

record of any general or resident agent authorized to accept service of process for Medmar in this District.

    Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

    Executed on October 4, 2019.

    <u>/s/ J. Stephen Simms</u>
    J. Stephen Simms