IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| A/S Dan Bunkering Ltd., | * | |
| Plaintiff, | * | Civil Action No. 1:19-cv-02909-RDB |
| v. | * | |
| Medmar Inc., et al., | * | IN ADMIRALTY |
| Defendant and Garnishees. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| Cockett Marine Oil DMCC, | * | |
| and | * | |
| Moran Towing Corporation | * | |
| Intervening Plaintiffs, | * | |
| v. | * | |
| Medmar Inc., et al., | * | |
| Defendant and Garnishees. | * | |

\* \* \* \* \* \* \* \* \* \* \*

## REQUEST FOR
## ENTRY OF DEFAULT

Plaintiff A/S Dan Bunkering Ltd. ("Dan Bunkering") and Intervening Plaintiffs Cockett Marine Oil DMCC ("Cockett Marine") and Moran Towing Corporation ("Moran") hereby request, pursuant to Supplemental Rule B and Fed. R. Civ. P. 55, that default be entered against Defendant Medmar, Inc. ("Medmar").

Dan Bunkering filed its Verified Complaint on October 3, 2019 [ECF 1], and Cockett Marine and Moran filed their Verified Intervening Complaint on October 4, 2019 [ECF 22].

Summonses were issued on December 4, 2019 [ECF 49]. The Summonses, with a copy of the Verified Complaint attached, were served on Medmar on January 20, 2020 through the Ministry of Justice in Greece, pursuant to the procedures set out in the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters [ECF 51].

Pursuant to Rule B, Process of Maritime Attachment and Garnishment ("Writs") was issued to Garnishees on October 10, 2019 for the benefit of Dan Bunkering, and [ECF 7 - 19], and on October 4, 2019 for the benefit of Cockett Marine and Moran [ECR 26 – 38].

Supplemental Rule B(3)(b) provides:

> (b) By Defendant. The defendant shall serve an answer within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

The Garnishees was served between October 3, 2019 and October 7, 2019 [ECF 24 and 39]. This action is governed by Supplemental Rule B, therefore, Medmar's response to the Verified Complaint was due November, 2019 (30 days after service of the last Writs on the Garnishees).

Additionally, Medmar was served with the Summonses on January 20, 2020. Pursuant to Fed. R. Civ. P. 12(a)(1), Medmar's response was due February 10, 2020 (21 days after service of the Summonses).

Rule 55(a) provides as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

The case docket confirms that no Answer, motion, or other pleading has been filed by Medmar to date. The conditions of Supplemental Rule B, Fed. R. Civ. P. 12(a)(1), and Fed. R.

Civ. P. 55(a) having been met, default should now be entered against Medmar, Inc. and in favor of A/S Dan Bunkering Ltd., Cockett Marine Oil DMCC, and Moran Towing Corporation.

A/S Dan Bunkering Ltd., Cockett Marine Oil DMCC, and Moran Towing Corporation submit a proposed Clerk's Entry of Default herewith.

Dated: February 12, 2020.

/s/ J. Stephen Simms
J. Stephen Simms (#4269)
Simms Showers LLP
201 International Circle, Suite 250
Baltimore, Maryland 21030
Telephone:   410-783-5795
Facsimile:    410-510-1789
jssimms@simmsshowers.com

Attorneys for Dan Bunkering,
Cockett Marine and Moran.
